No. 2572.

### W. F. FAGAN v. J. H. McWHIRTER.

1. COMMUNITY HOMESTEAD—PLEADING.—After the death of the wife, a child of the marriage surviving, the husband sold the homestead, part for cash, remainder on credit, the vendor's lien being reserved. Suit was brought on the note for the unpaid purchase money and to foreclose the lien. Defendant resisted payment, pleading that the vendor, husband, owned but one-half interest, and that he had no right to sell the homestead so as to pass the right of the child. It appeared that the community was indebted at the wife's death, and that the sale was made to pay the debts. No replication was pleaded to the answer. *Held* that plaintiff could show the indebtedness of the community as a basis for his power to sell the land to rebut the plea denying his authority without pleading such facts in replication.

2. POWER TO SELL COMMUNITY.—It is well settled, and not an open question, that the surviving husband can sell community property to pay community debts.

3. SAME—HOMESTEAD.—The right of the surviving husband to sell the homestead to pay community debts has been recognized in 65 Texas, 635, Ashe v. Yungst, and the case is followed.

4. VENDOR AND VENDEE.—A vendee with full knowledge of the facts at his purchase taking a warranty deed can not set up a partial failure of title in defense in an action for the purchase money—his possession not being disturbed.

APPEAL from Bowie. Tried below before the Hon. W. P McLean.

The facts are given in the opinion.

*Henry & Henry* and *F. M. Henry,* for appellant: On the pleadings, Guess v. Lubbock, 5 Texas, 535; Dennison v. League, 16 Texas, 399; Gillies v. Wofford, 26 Texas, 76; Lemmon v. Hanley, 28 Texas, 219. Want of power of survivor to sell the homestead, Rev. Stats., 2007, 2008, 2164, 2167 to 2172; Leatherwood v. Arnold, 66 Texas, 415. On partial failure of title, Cooper v. Singleton, 19 Texas, 260.

*Talbot & Turner,* for appellee: The surviving husband or wife may sell the community homestead for the purpose of paying community debts, without having qualified under the statutes as such survivor. (Ashe v. Yungst, 65 Texas, 631.)

If W. T. Fagan was fully informed as to the condition of the title at the time of sale, he can not resist the payment of the purchase money, even if the title was bad. (Carson v. Kelley & Sweatt, 57 Texas, 379; Neyland v. Neyland, 70 Texas, 24.)

STAYTON, CHIEF JUSTICE. Appellee brought this action on a note executed to him by appellant, to secure part of the purchase money for a tract of land sold by the former to the latter, and to enforce the vendor's lien. The appellant answered by a general denial, and by a special plea, in which he attempted to set up a failure of consideration, and defect of title. The special plea alleged that the land, for the purchase of which the note was given, was community property, owned by the appellee and his wife, deceased at the time the conveyance was made; that the wife left a minor child, who was still living, and inherited one-half of the land, and that the appellee had not filed an inventory and appraisment of the community estate of himself and wife and given bond as required by law to authorize him to administer the community estate. On this ground, solely, it was claimed that no title to more than an undivided half of the land passed to appellant through the deed made by appellee. The deed expressly reserved a lien for the unpaid purchase money, and contained a clause of general warranty.

On cross examination, the appellant caused the appellee to state that at the time of the death of his wife the land conveyed to appellant had been purchased but not paid for; that the entire purchase money was unpaid, and amounted to three hundred and thirty dollars, besides interest; and that besides this there were community debts amounting to about seven hundred dollars; that the land was sold to appellant for one thousand dollars, of which six hundred were paid at the time of the purchase and appropriated on the community indebtedness, and that for the balance the note sued on was executed. By him was also established, on cross examination, the facts that the land was community property; that the wife was dead, and that she left one child, who still survived; that the property was, during the life of the wife, used as the home of the family, and that there was but little community property other than the land. The witness further stated that he informed appellant fully as to the state of the title to the land before the sale was made, and that appellant took the advice

of counsel as to the title, and afterwards accepted the deed and executed the note sued upon.

After this evidence had been drawn out, as appears from the record, by the appellant, on cross examination, he objected to so much of it as showed the existence of community debts and that the land was sold to raise money to pay them, on the ground that there were no pleadings to authorize the introduction of such evidence. This objection was overruled.

The substance of the defense offered, by the special plea, was that the appellee was not authorized to sell the interest of his minor child in the land, and any fact that tended to rebut that defense was admissible without a replication to the answer. (Rev. Stats., art. 1197.)

The facts proved showed that the appellee had authority to sell the community property. This question as to community property generally has been so often decided that it can not be deemed an open question. It is insisted, however, that the power of the survivor of the community to sell property for the payment of debts does not extend to the sale of the community homestead if the estate be insolvent and there be a minor child or children; and charges involving that proposition were requested by appellant and refused. This question was considered and decided in the case of Ashe v. Yungst, 65 Texas, 635. We see no reason to doubt the correctness of the decision made in that case, and it is decisive against the proposition asserted by the appellant.

The other assignment of error relates to the charge of the court, which in effect informed the jury that appellee would be entitled to recover even if there was a failure of title in part, if the appellant knew at the time of the purchase the true state of the title and took a deed with warranty. There was no error in the charge given as stood the facts. (Brock v. Southwick, 10 Texas, 65; Cooper v. Singleton, 19 Texas, 260; Carson v. Kelly, 57 Texas, 380.)

No question was raised as to the sufficiency of the pleadings of either party on this branch of the case, nor as to the admission of evidence thereon.

There is no error in the judgment, and it will be affirmed.

*Affirmed.*

Opinion delivered October 26, 1888.