## J. H. CAGE v. HEIRS OF JOHN C. TUCKER.

### Decided June 14, 1902.

**1.—Community Property—Sale by Survivor—Debts—Charge on Issue Not Raised.**

Where, in an action brought by heirs to recover land, the defendant claimed under a sale made by decedent's widow as survivor in community, to pay community debts, and it was shown that such debts existed, but no issue was made by the pleadings or evidence as to their validity, it was error for the charge to submit to the jury whether or not such debts were fairly and honestly incurred.

**2.—Same—Other Reasons for Selling.**

A sale made by the survivor to pay community debts is not rendered void by the fact that there were also other reasons inducing the sale, such as making a change of an objectionable family residence and providing means of subsistence elsewhere.

**3.—Appeal—Briefing Assignment of Error.**

An assignment complaining of a charge submitting the issue of good faith in incurring the community debts for which the land was sold by the survivor, is properly and sufficiently briefed where the statement forming part of the brief informs the court that the language of the charge is given in the assignment;. that the existence of the debts was proved and admitted, referring to the pages of the record, and that there was no evidence as to whether the debts were or were not fairly and honestly made.

Appeal from Comanche.   Tried below before Hon. N. R. Lindsey.

*Lee Young* and *A. P. Young,* for appellant.

*G. H. Goodson,* for appellee.

STEPHENS, ASSOCIATE JUSTICE.—Again must the judgment in this case be reversed on account of errors in the charge of the court, this being the third appeal. 14 Texas Civ. App., 316; 60 S. W. Rep., 579.

Whether the sale of the land in controversy alleged to have been made to appellant by the community survivor, the widow of John C. Tucker, deceased, was made to pay community debts or was fraudulent as alleged was the main issue to be tried.   The validity of the community debts which seem to have been discharged by the sale—the principal of which was due for the purchase money of the land itself—was not an issue in the case.   And yet it was made issuable by the charge, for the court instructed the jury that "community debts are such as have been fairly and honestly incurred," and required them, in order to find for appellant, defendant below, to "believe from the evidence that Mrs. P. J. Tucker sold the land in controversy to the defendant, Cage, for the purpose of paying such community debts;" thus violating the well established rule which holds it to be material error for the judge to submit to the jury an issue not raised by the pleadings and evidence, and especially to treat as doubtful what is undisputed in the testimony; and thus disregarding also, by oversight doubtless of the special judge who tried the case, the following suggestion made in the opinion of Chief Justice Conner on the last appeal: "In view of another trial, we

think it not improper to suggest that the charge quoted above might be further relieved of objection by eliminating the term 'good faith' as a qualification of the community debts, inasmuch as no issue in the pleadings or proof seems to have been made as to the validity of the community debts of John C. Tucker and wife." The second assignment of error complaining of this feature of the charge is therefore sustained. We do not, however, overlook, but overrule, the objections made by the appellees to appellant's manner of briefing this assignment. The statement, which is the part of the brief objected to, informs us that the language of the charge is given in the assignment; that the existence of community debts was proved and admitted (referring to the pages of the record) ; and that there was no testimony as to whether these community debts were or were not fairly and honestly incurred; and the truth of these statements is not questioned but admitted by appellees, which, it would seem, ought to satisfy the most fastidious. Indeed, we commend the statement as a model one, since it contains all that is essential and nothing that is superfluous.

We also sustain the third assignment, complaining of the following charge: "If you find from the evidence that Mrs. P. J. Tucker did not sell said land for the purpose of paying community debts, but sold the same to defendant, Cage, for the purpose of defrauding the plaintiffs out of their interest in said land, or for any purpose other than the purpose of paying community debts; and you further find from the evidence that the defendant Cage, knew at the time that he bought said property that said Mrs. Tucker was not selling the same for the purpose of paying community debts, but was selling same for some other purpose, then you will find for the plaintiffs."

The material objection to this charge is sufficiently covered by the second proposition, as follows: "When a sale is made to pay community debts the fact that the survior had other reasons, also, for making the sale, will not avoid the sale." We know of no principle that will invalidate a sale made of community property by the survivor to pay community debts merely because the same is not made solely for that purpose. The view we take, as well as the damaging tendency of the charge complained of, can best be illustrated by the following excerpt from the testimony of Mrs. Tucker, the community survivor: "When I sold the land to Cage there was never anything said by Cage or myself about selling the land to pay community debts. I never knew I had any such rights. I wanted to sell the place in order to leave and get away from it. I had lost my husband on the place, and one of my children had been sent to the penitentiary, and about that time another one of my children had died, and I was old and so much in trouble and distress that I hardly knew what to do. I did not want to go back to the place. I wanted to sell it, and asked Mr. Cage to buy it, and told him if he would buy it he could take out of it what was owing to Hyatt and $219 that we owed him." The debt referred to as owing to Hyatt amounted to $700, and was created in the purchase of the land by the

Tuckers. The purchase price finally agreed on between Mrs. Tucker and appellant was $1650, from which were deducted the debts above referred to in her testimony, and some others, leaving a balance of a few hundred dollars which was paid to her in money and personal property needed and used by her in the support of her family, as was contemplated when she made the sale. In other portions of her testimony, to say nothing of the recitals to that effect in her deed to appellant, she stated that she sold the land to pay the debts her husband owed at the time of his death. We thus have the case of a surviving widow selling the community homestead to pay a debt created in the purchase thereof, as well as other community debts, and also for the purpose of changing an objectionable family residence and providing means of subsistence elsewhere. Will such other or additional purpose, in the absence of fraud, vitiate such sale? We think not. And yet the jury, reading the charge in the light of the testimony, must have, or at least might have, concluded that it would.

The judgment is therefore reversed and the cause remanded for a new trial.

*Reversed and remanded.*