### C. W. Cope v. E. A. Blount.

Decided March 20, 1905.

**1.—Specific Performance—Authority of Probate Courts.**

It was not until 1844 that the Probate Courts of the Republic of Texas
had authority to decree specific performance of contracts of decedents to con-
vey land, and such a decree made in 1840 was void.

**2.—Deed of Surviving Wife as Legal Representative may Bind her Personally.**

A deed with covenant of general warranty, reciting a cash consideration
paid, executed by a surviving wife and another, as the legal representatives
of a decedent in pursuance of a void order of a Probate Court decreeing spe-
cific performance of a contract of sale of land made by the decedent, there
being nothing in the language used in the deed which indicates an intention
to convey only such title as might pass under said order of the court, will
pass the title to the land as against such surviving wife and those claiming
under her.

**3.—Same—Estoppel.**

The community interest of the surviving wife in the land was bound by
the contract of her husband to convey, and she should not be heard to say,
after receiving the purchase money, that her deed did not convey her interest
in the land.

ON MOTION FOR REHEARING.

**4.—Recitals in Deed—Evidence.**

Where all the parties to a transaction evidenced by a deed, are dead; the records referred to in the deed have been burned; the deed is over sixty years old, and its genuineness not questioned; when the grantors were assaying to act in an official capacity, and it was their duty, and they were in a position to know the truth or falsity of the facts recited therein; when such recitals were against their interests; when the grantor lived for many years after the execution of the deed, and the plaintiff knew of its existence for forty years and the facts recited were meanwhile never questioned; while the grantee and those claiming under him continuously asserted claim to the land under said deed, such deed with its recitals is admissible in evidence as tending to show the truth of the facts recited.

Appeal from the District Court of Liberty County. Tried below before Hon. L. B. Hightower.

*W. L. Douglass* and *E. B. Pickett, Jr.,* for appellant.—The Probate Courts of the Republic of Texas, in the year 1840, had no authority to decree a specific performance of a contract made by a deceased person prior to his death to convey land, and the deed made in compliance with such an order is absolutely null and void. Houston v. Killough, 80 Texas, 296; Hooper v. Hall, 30 Texas, 154; Buchanan v. Park, 36 S. W. Rep., 807.

*Blount & Garrison,* for appellees.—The court committed no error in introducing deed in evidence for the reason that the same was made and executed in 1840; the deed being an ancient instrument, it was not necessary to make proof of the order or confirmation of the sale by the Probate Court. Johnson v. Timmons, 50 Texas, 534; Harrison v. McMurray, 71 Texas, 128; Garner v. Lasker, 71 Texas, 435; Batcheller v. Besancon, 47 S. W. Rep., 296.

PLEASANTS, Associate Justice.—This is an action of trespass to try title brought by the appellant against the appellee. The land in controversy is a part of a league in Liberty County originally granted to Philip Miller. Appellant claims the land as the sole heir of Lucinda Miller, wife of Philip Miller. Appellee claims under a deed executed by James Knight and Lucinda Miller as "legal representatives of P. Miller, deceased," to William D. Smith. This deed has a general covenant of warranty, and contains the following recitals:

"Whereas, by a decree of the Honorable Probate Court of the republic and county aforesaid, made on the 31st of August, A. D. 1840, by which the legal representatives of the estate of Philip Miller were authorized and empowered to make a title unto William D. Smith to one-half league of land, agreeable to the terms of a contract entered into by said Miller, in his lifetime, and said Smith. Now, therefore, know all men by these presents: That we, James Knight and Lucinda Miller, the legal representatives of the estate of Philip Miller, late of the republic and county aforesaid, deceased, by virtue of the authority aforesaid, and in

consideration of the sum of $500 to us in hand paid, the receipt whereof is hereby acknowledged, have granted, bargained, sold," etc.

The date of the deed is September 2, 1840. The records of Liberty County were destroyed by fire in 1887, and none of the records or papers of the Probate Court of Liberty County in the administration of the estate of Philip Miller are now in existence. Lucinda Miller lived for a number of years after the execution of this deed, and it is not shown that she ever asserted any claim to the land. No taxes were ever paid on the land by her or by appellant. No one has ever been in actual possession of the property.

Appellant contends that the deed from James Knight and Lucinda Miller to William D. Smith was void, and should not have been admitted in evidence because it shows that it was executed in pursuance of an order of the Probate Court decreeing specific performance of a contract to convey land made by the decedent, Philip Miller.

We think the recitals in the deed above set out clearly show that the order of the Probate Court, under which the deed was executed, was a decree of specific performance of a contract to convey land executed by the decedent, Philip Miller. We do not think any other construction can be fairly given to the language used. At the time the order was made the Probate Courts of the Republic of Texas had no authority to decree specific performance of contracts of decedents to convey land. It was not until the year 1844 that the Probate Courts were authorized to render a decree of this kind. (Houston v. Killough, 80 Texas, 296; Hooper v. Hall, 30 Texas, 154; Buchanan v. Park, 36 S. W. Rep., 807.) It follows that, insofar as the deed from Lucinda Miller depends for its validity upon the order of the court under which it purports to have been made, it conveyed no title.

But we are of opinion that the deed was admissible as evidence, and that it passes title to the land as against Lucinda Miller and those claiming under her. It is an absolute conveyance of all the land, with a covenant of general warranty, and there is nothing in the language used in the deed, apart from the fact that she executes it is "legal representative" of her husband's estate, which indicates that it was only her intention to convey such title as might pass under the order of the court. The order decreeing specific performance of the contract to convey made by the deceased husband being, as before stated, a nullity, Mrs. Miller was not bound to act thereunder, and her execution of the deed must be regarded as voluntary.

Her community interest in the land, and the interest, if any, which she had therein as heir of her husband, was bound by his contract to convey, and she should not be heard to say, after receiving the consideration for the land, that the method chosen by her to discharge the obligation of the contract was ineffectual, and that her deed to Smith did not pass the title to her interest in the land. Of course, she could not convey her interests to the detriment of the rights of the creditors of her husband's estate, but no such issue is raised in this case. Having acquiesced in the void order of the court, and conveyed the land to Smith in fulfillment of a contract by which she was bound, she would not be permitted to defeat her conveyance on the ground that the order

under which she acted was void, and the appellant, who claims the land as her heir, is likewise estopped from denying the validity of the deed.

The judgment of the court below is affirmed.

*Affirmed.*

### ON MOTION FOR REHEARING.

At the last term of this court we affirmed the judgment of the court below in this case on the ground that the execution, by Mrs. Miller, of the deed to Wm. D. Smith, estopped her and those claiming under her from asserting title to the land against the appellees who claim under said deed. (Cope v. Blount, 12 Texas Ct. Rep., 475.)

Appellant having filed this motion for a rehearing, we certified to the Supreme Court the question of whether, upon the facts stated, appellant was estopped to assert title to the land. This question was answered in the affirmative in an opinion recently delivered by the Supreme Court, vide Cope v. Blount (14 Texas Ct. Rep., 636).

It is claimed, in the motion for rehearing, that the fact stated in our former opinion, that appellant was only claiming as heir of Mrs. Miller, is not supported by the record, but that the record shows that he is the sole heir of Philip Miller as well as of Mrs. Miller, and there being no evidence showing that the land, or any part of it, was community property, or that Mrs. Miller had any separate interest therein, the judgment of the court below should not be affirmed. It is further urged that, if the facts in evidence are sufficient to warrant the assumption that the land was community property, the judgment should only be affirmed as to Mrs. Miller's one-half interest therein, because her deed to Smith would not estop appellant, as the heir of Philip Miller, from claiming title to his one-half interest.

The only assignments of error presented in appellant's brief complain of the ruling of the trial court admitting in evidence the deed from Mrs. Miller and James Knight, "as legal representatives of the estate of Philip Miller, deceased," over appellant's objection that said deed was void, because the decree under which it purports to have been executed was rendered by a court which was without jurisdiction to render it, and was therefore void.

There is not a word in this brief which indicates that appellant was claiming the land as an heir of Philip Miller. In a short statement of the nature and result of the suit, supplemental to that in the brief of appellant, it is stated in appellee's brief that appellant sues as the sole heir of Mrs. Miller. The petition does not indicate what title appellant is asserting, and the judgment of the court below is a general one in favor of appellee, and there are no conclusions of fact and law found in the record.

We think, under these circumstances, we were fully justified in deciding the case upon the assumption that appellant was only claiming as an heir of Mrs. Miller, and we can not be required, upon a motion for rehearing, to consider an alleged ground for the reversal of the judgment of the trial court, based upon a fact issue, which was not presented in the appellant's brief.

If, however, an examination of the record should show that appellant was the sole heir of Philip Miller, we are of opinion that he would not

be entitled to recover the land, or any part of it. The property was held by Philip Miller and his wife at the date of his death, and in the absence of any evidence as to when and how it was acquired it will be presumed that it was community property. (Rev. Stats., art. 2969; Byrn v. Kleas, 39 S. W. Rep., 980.) The deed from James Knight and Mrs. Miller recites that Philip Miller had in his lifetime contracted to convey the land to Wm. D. Smith, and that Smith had paid the grantors, as legal representatives of Philip Miller, the purchase money due under said contract. If these facts are true, the superior title to all of the land became vested in Smith.

The Supreme Court, in the opinion before referred to, say that Mrs. Miller and those who claim under her are estopped from denying the truth of these recitals, and that the contract therein recited, being binding upon her to the extent of her interest in the land, her deed passed the legal title to said interest to Smith. These recitals are not binding as an estoppel against the heirs of Philip Miller, but they are admissible in evidence as circumstances tending to show the existence of the contract between Philip Miller and Smith, and the payment of the purchase money by the latter, which, taken in connection with the other facts shown, are sufficient to sustain the conclusion that Philip Miller had entered into a contract to convey the land to Smith and that the purchase money had been paid as recited.

All of the parties to the transaction are dead, and the records of the county have been burned. The deed is over sixty years old, its genuineness not questioned and the grantors who make the recitals were assaying to act in their official or representative capacity, and such recitals were against their interests. They were authorized to receive this money and would be held liable therefor to the estate which they represented. They were also in position to easily discover, and it was their duty to ascertain, whether the contract with Smith had been executed. Under these circumstances it would be unreasonable to presume that their statements are false. In addition to this, it is shown that Mrs. Miller lived for a number of years after the execution of said deed, that appellant has known of the existence of the deed for forty years, and that neither he, Mrs. Miller, nor any one claiming under Phillip Miller has ever asserted any claim to the land prior to the institution of this suit. On the contrary, it is shown that Smith and those claiming under him have continuously asserted claim to the land ever since the execution of said deed. There were several transfers before the conveyance to appellees who have held it and paid taxes thereon for a number of years.

There being no opposing proof, we think no other judgment than one in favor of the defendants could have been properly rendered. The motion for rehearing is overruled.

*Overruled.*

Writ of error refused.