NORWOOD et al. v. KING.

(Court of Civil Appeals of Texas. San Antonio. March 5, 1913. Rehearing Denied April 2, 1913.)

1. HUSBAND AND WIFE (§ 267*)—COMMUNITY ESTATE—PURCHASER OF COMMUNITY PROPERTY.

A purchaser of community property, sold by the surviving spouse, need only show that there are community debts, that the property conveyed is community property, and that the seller was the survivor of the community, not being required to show that the community debts were sufficient to necessitate the sale; and the burden is on one disputing the purchaser's title to show that fact.

[Ed. Note.—For other cases, see Husband and Wife, Cent. Dig. §§ 896, 929–938; Dec. Dig. § 267.*]

2. HUSBAND AND WIFE (§ 270*)—COMMUNITY PROPERTY—EVIDENCE OF DEBT.

A deed, dated November 1, 1902, conveying property for a consideration named, payable in cash, and promissory notes given for the remainder, was prima facie evidence of an existing community debt.

[Ed. Note.—For other cases, see Husband and Wife, Cent. Dig. §§ 968–971, 973–984, 988; Dec. Dig. § 270.*]

3. APPEAL AND ERROR (§ 1050*) — HARMLESS ERROR.

Any error in admitting evidence for plaintiff was immaterial, where plaintiff had already proved the same fact by other proof.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 1068, 1069, 4153–4157, 4166; Dec. Dig. § 1050.*]

4. HUSBAND AND WIFE (§ 270*)—COMMUNITY PROPERTY—SUFFICIENCY OF EVIDENCE.

Evidence in trespass to try title held to show the existence of a community debt and the sale of the land in controversy in satisfaction thereof.

[Ed. Note.—For other cases, see Husband and Wife, Cent. Dig. §§ 968–971, 973–984, 988; Dec. Dig. § 270.*]

5. HUSBAND AND WIFE (§ 267*)—COMMUNITY PROPERTY—SALE—RIGHTS OF PURCHASER.

It is immaterial that a surviving husband had sufficient money to pay a community debt, so that the sale of community land was not necessary, if the purchaser thereof had no knowledge of the facts making the sale improper, since his rights would not be affected thereby.

[Ed. Note.—For other cases, see Husband and Wife, Cent. Dig. §§ 896, 929–938; Dec. Dig. § 267.*]

Appeal from District Court, Karnes County; John M. Green, Judge.

Action by G. H. King against J. S. Norwood and others. From a judgment for plaintiff, defendants appeal. Affirmed.

M. B. Little, of Karnes City, for appellants. A. J. Parker, of San Antonio, for appellee.

TALIAFERRO, J. This suit was in trespass to try title by appellee against appellants to recover 9.8 acres of land in Karnes coun-

ty, described in the petition. Appellee claimed title to the whole tract by conveyance from Robert King, deceased. Appellants claimed an undivided one-half of the land as heirs of Sallie King, their grandmother, who was wife of Robert King. Appellee alleged that Robert King was survivor of the community estate of himself and Sallie King, deceased; that said community estate had been indebted to him; and that in consideration of the debt said Robert King, as survivor of the community, had sold and conveyed him the property in question in satisfaction of said debt.

Appellants, answering, alleged that appellee, G. H. King, knew, when he accepted the deed, dated April 10, 1906, that they were the owners of an undivided half interest in said land by inheritance from their grandmother, Sallie King, deceased, and that said deed was made and accepted with full knowledge by appellee, for the purpose of defrauding appellants of their interest in said land. No specific act is alleged as constituting such fraud. It is not alleged that there was collusion between appellee and Robert King to defraud them, nor that the price paid was inadequate to such a degree as to raise a presumption of fraud.

Appellee introduced in evidence a deed, dated November 1, 1902, from Otto Buchel to Robert King, conveying the property in question for a consideration of $171.50 on terms of $50 cash, and the balance payable in three annual installments of $40.50 each, evidenced by notes for that amount. Over the objection of appellants, he also placed in evidence (1) a written transfer of the last note of the said series, together with the legal title to the land, said instrument being dated December 23, 1905, and reciting that all the balance of the purchase money had been paid, and (2) a deed from Robert King to appellee, dated April 10, 1906, conveying the land in question and containing the following recital: "The consideration for said land above described is as follows: Whereas in the original purchase of said land by Robert King from Otto Buchel (as will appear from said deed) as part payment for the purchase money for said land the said Robert King did execute and deliver to said Otto Buchel his three promissory notes for the sum of $40.50 dollars each, due respectively 1903, 1904 and 1905 on the 1st day of November of each year, with 10% per cent. per annum and all interest to be paid annually on the 1st day of Nov. from date as long as said notes should remain unpaid, reserving a vendor's lien in each of said notes for the purchase money for said land; and whereas, on the 23rd day of December, 1905, Otto Buchel, the then legal holder of the 3rd series of said notes (the other two having been paid), transferred by an instrument in writing for a consideration of $45.30 to G. H. King of Gonzales county, Texas, said vendor's

lien note No. 3 for $40.50 with interest from the 1st day of Nov., 1904, accrued; and whereas said last mentioned note is long past due and I, the said Robert King, am unable to pay the same or any part thereof, either principal or interest, or to cause the same to be paid: Now, therefore, in consideration of one dollar paid and the surrender and cancellation to me by the said G. H. King of said last above mentioned note and releasing me of any and all responsibility for the payment of the same (which surrender and cancellation is now done)."

No other evidence was introduced by appellee to show that the property was a part of the community of Robert and Sallie King, that the debt for which the property was sold was a community debt, or that the debt at the time was in fact unpaid.

Appellants introduced evidence which showed that Robert King held possession of the land, using it or enjoying it until he died, and tending to show that he had other property which he sold, either before or after the death of Sallie King, and from the proceeds of which he might have paid the debt due appellee. There is evidence also to the effect that the land, at the time of the sale to appellee, was worth from $150 to $400. No other evidence, except that of the inadequacy of consideration, was presented which could be considered upon the issue of fraud. No effort was made to show that the community debt did not exist as alleged, nor that it had ever been paid. Nor was it contended that the property was not community. Upon this state of the evidence the court peremptorily instructed the jury in favor of appellee.

[1] It is settled law that community property descends charged with community debts, and where there are community debts the surviving spouse, without administration, may sell the community property for their payment, and the purchaser, to show a good title thereto, need only prove facts which authorize the sale. Those necessary facts are that there are community debts, that the property conveyed is community, and that the seller is the survivor of the community. Sanger Bros. v. Moody's Heirs, 60 Tex. 97; Carter v. Conner, 60 Tex. 57; Walker v. Abercrombie, 61 Tex. 69; Fagan v. McWhirter, 71 Tex. 567, 9 S. W. 677; Jones v. Jones, 15 Tex. 143; Johnson v. Harrison, 48 Tex. 257; Cope v. Blount, 38 Tex. Civ. App. 516, 91 S. W. 615; Cage v. Tucker, 25 Tex. Civ. App. 48, 60 S. W. 579. There is no merit in appellants' contention that the purchaser is bound to show that debts existed in amount sufficient to indicate a necessity for the sale. Nor do the cases cited by them to support that contention so decide. In the first case cited, Roy v. Whitaker, 92 Tex. 346, 48 S. W. 892, 49 S. W. 367, the court said, "A purchaser under such order, who claims that the sale had the effect to pass the right of

the heirs of the wife, must establish the fact that the sale was made to pay a debt of the community;" and "the rule is that the burden of proof rests upon the person who claims to have acquired the title of the wife under such sale to prove the facts which give that effect to the proceedings of the court"— citing Moody v. Butler, 63 Tex. 210, Soye v. McCallister, 18 Tex. 80, 67 Am. Dec. 689, Carter v. Connor, 60 Tex. 52, and Sanger v. Moody, supra. In Eastham v. Sims, 11 Tex. Civ. App. 133, 32 S. W. 359, it is only held that the burden is upon the purchaser to show circumstances authorizing the sale, and that where such purchaser knew the sale was made, not for the purpose of paying community debts, but to pay individual debts of the husband, no title passed to him. In the case of Cage v. Tucker's Heirs, 14 Tex. Civ. App. 316, 37 S. W. 180, the suit was by the heirs to recover the property, on the ground that by fraud and collusion between the purchaser and the survivor the property had been sold for a grossly inadequate price. Upon a second appeal of this case (25 Tex. Civ. App. 48, 60 S. W. 579) the court said: "The burden is upon one claiming through a transmitting agent of general powers to show that the power to convey in fact existed in the agent, but the purchaser is not required to show that sound discretion and judgment was used in its exercise, nor to see that the agent properly applied the proceeds. So we think it error to, in effect, require a finding that the sale in question was necessary as a matter of fact before appellant could recover"—citing Wenar v. Stenzel, 48 Tex. 484.

The court further said, and it is peculiarly applicable to the present case: "In what we have said, however, we do not wish to be understood as holding that evidence of a want of necessity for the sale under consideration is not relevant. It is so only, however, on the issue of fraud and collusion charged"—thus showing the burden in such case to be upon the person disputing the title.

[2-4] It is not denied that Robert King was survivor of the community, and under the authorities it is plain that appellee's evidence established a prima facie case. The deed from Otto Buchel to Robert King of so recent a date, describing the land, reciting the consideration, and describing the notes given as deferred payment, was, in the absence of proof to the contrary, conclusive evidence of a community debt then existing. Appellants do not contend that this instrument was not admissible in evidence; nor do they make any effort to show that the debt described therein was ever paid. In fact, the only evidence of the payment of any portion of this debt must be found in the evidence of appellee, which was admitted over appellants' objection. Appellants' objection to this evidence, which is hereinbefore set out, was that the recitals in the deed from Robert King to appellee were not binding upon them, for the reason that they were not parties nor privies to the transaction. Our view of this case renders the determination of this question unnecessary, because if there was error it was immaterial, for the reason that the requisite proof had already been made by appellee. Granting appellants' contention that the recitations in the deed as to the transactions between the parties concerning the note in question is not admissible in evidence against them, it cannot be denied that the deed, as a conveyance, was admissible. The ordinary recitations of the amount and nature and payment of the consideration were admissible as prima facie evidence of their truth and, taken together with the deed from Buchel to Robert King, sufficiently established the fact of the existence of the community debt and the sale of the land in satisfaction thereof.

[5] We have fully stated the evidence as presented by the appellants, and need not again recite it. There is nothing shown by them which can even remotely raise the issue of fraud. Even if it be conceded that the evidence is sufficient to raise an issue as to whether Robert King had sufficient money from time to time to pay this debt, it is immaterial, because the manner in which he performed his trust as survivor of the community will not affect the appellee's rights, unless it is shown that he had a knowledge of such conduct.

We conclude that the court below properly instructed the jury to return a verdict for appellee, and the judgment is therefore affirmed.