### The Mariposa Land and Cattle Company v. C. H. Silliman.

#### No. 175.

**1. Presumptions—Recitals in Deed.**

Sale by widow and her daughter of land that was community property. They claimed the land as sole heirs of the husband, and the sale was made many years after his death. In suit by vendees of other children of the marriage, the purchasers from the widow set up as defense her sale as marital survivor. *Held*, the deed reciting that the grantors were the heirs, and that as such they sold the land, the assumption that the widow sold as surviving wife is excluded ................... 143

**2. Limitation—Tacking Possession.**

The defendant and its vendor together had had possession long enough to confer title by limitation, but the possession of the defendant was adverse to its vendor until less than one year before suit was brought. *Held*, that limitation of five years was not made out, as its possession was adverse against the recorded title held by its vendor............. 143

Questions Certified from Court of Civil Appeals for Fourth District, in an appeal from Kinney County.

Chief Justice James, of the Court of Civil Appeals, having been of counsel, did not sit in this case in the Court of Civil Appeals.

*Simpson & James, Martin & Burgess,* and *T. F. Shields,* for appellant.

*Solon Stewart,* for appellee.

BROWN, Associate Justice.—A land certificate was granted to Jose Maria Nava for 640 acres, which was the community property of himself and his wife, Juana Sotelo y Nava. Jose Maria Nava died in 1846, leaving his wife and three children surviving him, the children being Francisca, Carmen, and Manuel Nava. The land was patented November 22, 1848, and on the 27th day of that month Juana Sotelo y Nava and her daughter Carmen Nava by deed conveyed the land to Joseph A. Tivy, reciting in the deed that they were the sole heirs of Jose Maria Nava. The other two children sold an interest in the land to C. H. Silliman in 1885.

July 22, 1881, Tivey conveyed the land to Amanda J. Dignowitty, by deed recorded August 1, 1881, and Amanda J. Dignowitty conveyed one-half interest in the land to Charles L. Dignowitty November 17, 1883, deed recorded April 16, 1885. On November 17, 1883, Amanda J.

Dignowitty sold the other half to Edward L. Dignowitty by deed recorded the 24th day of same month.

November 24, 1885, Edward L. Dignowitty conveyed one-half of the land to A. F. & J. V. Dignowitty, deed recorded November 28, 1885; and on June 11, 1886, Charles L. Dignowitty conveyed the other half to A. F. & J.V. Dignowitty, deed recorded June 18, 1886. May 16, 1887, A. F. & J. V. Dignowitty conveyed the entire tract to Amanda J. Dignowitty, deed recorded May 23, 1887, and Amanda J. Dignowitty conveyed it to H. P. Drought, December 5, 1889, deed recorded December 9, 1889. December 2, 1889, Drought conveyed the land to the Mariposa Land and Cattle Company, deed recorded January 24, 1890. The land and cattle company went into possession of the land, and paid taxes from January 1, 1885, to June 28, 1890, on which day this suit was instituted.

Upon the foregoing statement the following questions are propounded by the Court of Civil Appeals:

"1. In the absence of proof as to the community debts, would the presumption obtain after a period of more than forty years, that the sale of the certificate by the wife and daughter of Jose Maria Nava was made to pay community debts?

" 2. Under the facts herein before stated, can the Mariposa Land and Cattle Company avail itself of the five years statute of limitations, it having had the use and occupation of the land for five years prior to the institution of the suit, and having paid all taxes thereon, and the recorded title having been in the Dignowittys?"

Answer to first question: Presumptions are indulged in the absence of evidence upon the subject. In this case the sale purports to have been made by Mrs. Juana Sotelo y Nava and her daughter as heirs of Jose Maria Nava, claiming the land as such, and as the sole heirs, which excludes the idea that the wife was selling by virtue of her authority as surviving wife. In the absence of proof, no presumption could be indulged against this evidence, that she was selling for the purpose of paying community debts. It is unnecessary to discuss the cases upon this subject, for the reason that the facts stated do not bring this case within the rules laid down by this court upon that subject.

Answer to second question: From the statement it does not appear that the Mariposa Land and Cattle Company held possession of the land for the Dignowittys; but on the contrary, it would seem that its possession was adverse to the recorded title until December 5, 1889, less than a year prior to the institution of this suit. The five years limitation does not protect such a possession, and the defense is not available to the land and cattle company.

It is ordered that this opinion be certified to the Court of Civil Appeals for the Fourth Supreme Judicial District.

Delivered June 11, 1894.