R. A. CRUSE v. J. M. BARCLAY ET AL.

Decided October 23, 1902.

**1.—Community Property—Sale by Survivor—Presumption of Community Debts.**

B. and wife were married in 1850, and the wife died in 1867. One month thereafter B. sold and conveyed to his brother, for $600, a tract of land which was community property of himself and his deceased wife. It was shown that he then owed to one U. $1200, which he said he could not pay, and that he told another brother that he had transferred all his property to put it out of the reach of his creditors. Held, in an action brought by the heirs of the wife, fifteen or twenty years after they knew of such sale, to recover a half interest in the land so conveyed, that it would be conclusively presumed that community debts existed at the death of the wife, and that the sale of the land was, ostensibly at least, made for their satisfaction.

**2.—Same—Applying Proceeds of Sale to Community Debts.**

The purchaser of the land from B. was under no obligation to see that the proceeds of the sale were applied by him to the discharge of community debts, nor was he affected by B.'s subsequent declaration to another brother that he had transferred his property for the purpose of defrauding his creditors.

Appeal from the District Court of Tyler County. Tried below before Hon. Stephen P. West.

*Watts, Chester & Ellison* and *E. M. Chester,* for appellant.

*A. C. & Gordon Bullitt,* for appellees.

GARRETT, CHIEF JUSTICE.—This was an action of trespass to try title, brought for the recovery of 160 acres of land situated in Tyler County, and the appellees, as plaintiffs, recovered judgment in the court below against the appellant for an undivided one-half interest therein. The land was conveyed to L. M. Barclay September 12, 1863, during his marriage with Nancy McQueen, and belonged to their community estate. Nancy Barclay died July 6, 1867, leaving children of the marriage, and as such the plaintiffs are her heirs; and at the time of her death the land was still owned by herself and husband. On August 5, 1865, L. M. Barclay conveyed the land to W. W. Barclay, who conveyed it to the defendant R. A. Cruse March 8, 1892.

The trial judge, by whom the case was tried without a jury, found that the proof was silent as to debts at the date of the death of Nancy Barclay, and that the consideration of the sale was $600, and was not to pay community debts; also that W. W. Barclay knew that the land was community property. The consideration for the conveyance from W. W. Barclay to the defendant was a debt which Barclay owed him. There has been no possession of the land. The undisputed evidence shows that at the time L. M. Barclay conveyed the land to W. W. Barclay he was indebted to one Lewis Ulrich in the sum of $1200, which he said he could not pay; and he told his brother, R. B. Barclay, that he had transferred all his land to keep his creditors from getting it. He then left the country, and his children, the plaintiffs herein, went to live with his brother

to whom he had conveyed the land, and were reared by him. The plaintiffs knew about the sale of the land by their father to their uncle, and had thought of suing him for it as long ago as fifteen or twenty years.

Our conclusion is that community debts existed at the time of the death of the wife. It is hardly conceivable that L. M. Barclay would have been so pressed by creditors within thirty days after his wife's death for debts incurred since then that he would be driven to the desperate act of selling out his property and fleeing the country. And it is not at all probable that the debts were incurred before the marriage, which occurred about 1850. The condition existing which authorized him to sell the property, he could sell it for money, or a note convertible into money, and the purchaser would not be obliged to see that the proceeds of the sale were applied to the payment of the community debts, or be affected by his subsequent declaration that he had transferred his property for another purpose, that of defrauding his creditors. The long lapse of time with knowledge on the part of the plaintiffs that their uncle claimed the land as his own, although there was no actual possession thereof, furnishes conclusive proof of the facts that would authorize the sale, by the presumption, if necessary, that such power existed.

We think the trial judge erred in his conclusion, and that judgment should have been for the defendant. The judgment of the court below will be reversed, and judgment will be here rendered in favor of the appellant.

*Reversed and rendered.*