## IIAMS et al. v. MAGER et al. (No. 1567.)

(Court of Civil Appeals of Texas. Amarillo. Nov. 12, 1919. Rehearing Denied Dec. 10, 1919.)

1. HUSBAND AND WIFE ⊚⟿273(9)—RIGHT OF SURVIVING HUSBAND TO SELL COMMUNITY PROPERTY TO PAY DEBTS.

A surviving husband may sell community property for the purpose of paying community debts, provided the power is exercised in good faith.

2. HUSBAND AND WIFE ⊚⟿273(10)—RIGHTS OF PURCHASER IN COMMUNITY PROPERTY AGAINST DECEASED WIFE'S HEIRS.

In an action by deceased wife's heirs against persons purchasing community property from the surviving husband, the purchaser, in order to defend his title, need ordinarily show only the existence of community debts at the time of his purchase.

3. HUSBAND AND WIFE ⊚⟿273(10)—EVIDENCE OF SALE OF COMMUNITY PROPERTY FOR DEBTS.

In action by persons claiming under a de-. ceased wife against purchasers of community property from the surviving husband, evidence that part of the purchase price of such community real estate was still due the state, and that it was incumbered by a judgment lien at the time it was sold, held to sustain a finding that defendants had discharged burden of showing existence of community debts at time of sale.

4. HUSBAND AND WIFE &=273(8)—DEED TO COMMUNITY PROPERTY BY SURVIVING HUSBAND.

A deed by which a surviving husband quitclaimed "all my right, title and interest" in certain community real estate, conveyed the entire interest that the husband and his deceased wife had in the land, and not merely that of the surviving husband.

Appeal from District Court, Dallam County; Reese Tatum, Judge.

Suit by John Harvey Iiams and others against John B. Mager and others. Judgment for defendants, and plaintiffs appeal. Affirmed.

Tatum & Strong, of Dalhart, for appellants.

W. I. Gamewell, of Dalhart, for appellees.

BOYCE, J. This suit was brought by appellants, John Harvey Iiams et al., against appellees, John B. Mager and others, to recover an undivided one-half interest in section 10, block 7, T. T. & N. O. Ry. Co., in Dallam county. The appellants claim such interest in said land through inheritance from their deceased mother, Viola Frances Iiams. The appellees claim through conveyance of such property by Frank W. Iiams, surviving husband of the said Viola Frances Iiams. The facts material to a determination of the rights of said parties are as follows:

The land belonged to the public school fund of the state and was awarded to Frank W. Iiams during the lifetime of his wife, Viola Frances Iiams, on March 25, 1902. The sale was made in accordance with the laws governing the sale of school lands in force at that time. One fortieth of the purchase price of one dollar per acre was paid, and the said Frank W. Iiams executed his obligation for the balance, payable in 40 years' time, bearing interest at the rate of 3 per cent. per annum. This obligation was outstanding at the time of the death of the said wife and at the time of the sale by the husband, mentioned later. The said Viola Frances Iiams died on October 3, 1903. The Jackson-Foxworth Lumber Company, on March 23, 1905, secured judgment against the said Frank W. Iiams, for $279.12, on account of an indebtedness incurred during the lifetime of the said Viola Frances Iiams, and abstract of this judgment was recorded in Dallam county on March 24, 1905. On March 25, 1905, said Frank W. Iiams executed and delivered to J. K. Hearte an instrument denominated a "quitclaim deed," by the terms of which, for a recited consideration of $4,000, he "bargained, sold and quitclaimed into the said J. K. Hearte, * * * all my right, title and interest in and to that certain tract of state school land, described as follows: Section 10, block 7, T. T. & N. O. Ry. Co. (and three other sections of land not involved in this suit)." The habendum clause in said deed is as follows:

"To have and to hold all the above-described premises, together with all the rights and appurtenances thereto in any wise belonging into the said J. K. Hearte, party of the second part, his heirs and assigns, forever."

The evidence indicates that the land was worth about one dollar per acre above the balance due the state thereon. There is testimony to the effect that the $4,000 cash consideration recited was not the true consideration. This testimony indicates that the said J. K. Hearte bought the four sections of land and some personal property from the said F. W. Iiams, and as part consideration conveyed to the said Iiams some land in Parker county. The details of this trade are not made clear from the record, though it does appear that in the transaction Iiams realized some ready cash and Hearte agreed to pay the remainder due the state on the Dallam county lands. The testimony tends to show that the Dallam county land was sold for its full value at the time, and there is no testimony that tends to show that there was any collusion between Hearte and Iiams to defraud the appellants of their share of said property. The said Hearte, soon after the purchase, substituted his obligation to the state for the obligation of the said Iiams, which was thereupon canceled. A release of the Jackson-Foxworth Lumber Company's lien was offered in evidence. This release was dated February 26, 1906, and recited payment of said judgment on the day of the release. Nothing further was shown as to how, when, and by whom this payment was made. The appellees claim that they were innocent purchasers of the land without knowledge that the heirs of the deceased wife had any interest therein; but, as the decision of the other questions presented by appellant are sufficient to a decision of the case, it is not necessary to make a statement of the facts necessary to determine this issue.

The case was tried before the court and judgment rendered for the defendant. The appellants contend that this judgment is not warranted by the evidence, because: (1) A sale of the property for any other purpose than to pay community debts would not pass the title to the one-half interest in the property inherited by the appellants from their mother; that the burden of proof is upon the purchaser to show that such was the purpose of such sale, and the facts we have set out are insufficient to discharge such burden. As a part of this proposition, it was also urged that the conveyance by the husband was a quitclaim and would not support a plea of innocent purchaser for value;' and (2) that the deed executed by the surviving husband conveys only the interest of the said F. W. Iiams and is not sufficient, no

matter what the purpose of the said Iiams was in making the sale, to convey the children's right and interest therein inherited from their mother.

[1-3] The property was the community property of Frank W. Iiams and his wife, and upon the death of the wife the children inherited her interest therein. The surviving husband, however, had the right to dispose of the entire community interest in the property for the purpose of paying community debts. When this power exists, the only limitation that the courts impose upon its exercise is that of good faith. The purchaser at a sale of community property, made by the survivor, is bound to ascertain that the facts exist that confer the power of sale on the survivor. Having ascertained that such facts do exist, he may assume that the survivor is acting in good faith in making the sale, provided, of course, that he has no notice or the facts surrounding the sale are not sufficient to excite inquiry that the power is being exercised for some ulterior purpose. So that ordinarily, the purchaser, in order to defend his title, against the claims of the wife's heirs, is only bound to show the existence of community debts at the time of his purchase. These general conclusions are supported by the following authorities: Johnson v. Harrison, 48 Tex. 266; Sanger Bros. v. Heirs of Moody, 60 Tex. 96; Crawford v. Gibson, 203 S. W. 375; Cage v. Tucker's Heirs, 14 Tex. Civ. App. 316, 37 S. W. 180; Cruse v. Barclay, 30 Tex. Civ. App. 211, 70 S. W. 358. In the case before us it was shown that community debts existed and were a specific charge on the particular tract of land that was sold; as a result of the sale the obligation due the state was discharged, though it is not shown whether the other debt was paid out of the proceeds of the sale or not. The purchaser, however, did not have to see to the application of the proceeds. The facts do not show that the sale was made in fraud of the heirs. These facts warranted the court in finding that the defendants had discharged the burden that the law imposed on them in order to uphold the sale. Morgan v. Lomas, 159 S. W. 869, and Jones v. Harris, 139 S. W. 69, in addition to authorities already cited.

[4] The case of Jones v. Harris, supra, is authority on the second proposition urged by appellant, as stated, to the effect that the conveyance by Iiams passed only such interest as the husband himself had to the property. The facts in this case are very similar to those in the case of Jones v. Harris. In the deed in that case the surviving husband, as in this case, conveyed "all my right, title and interest" in the land, and it was decided that such deed conveyed the entire interest that Jones and his deceased wife had in the land. The contention urged by appellant as to the effect of this deed was thoroughly discussed by the opinion in that case. There was a dissenting opinion in the case, and a writ of error was denied by the Supreme Court. So that we think we must hold that this question was finally settled by that decision, and it is not necessary to devote further time to its consideration.

We conclude, therefore, that the judgment of the district court should be affirmed.