## WILLACY COUNTY WATER CONTROL & IMPROVEMENT DIST. NO. I v. HOFER et al.

### No. 4057.

Court of Civil Appeals of Texas. El Paso.

March 27, 1941.

Rehearing Denied April 10, 1941.

R. F. Robinson, of Raymondville, for appellant.

S. P. Nielsen, of Sebastian, for appellees.

SUTTON, Justice.

The plaintiffs, Fred Hofer, Herman Hofer, Martha Hofer, a single woman, and Margaret Hofer Hamilton, joined by her husband, Mark Hamilton, as heirs of a deceased mother and the defendant, Adolph Hofer, sued Adolph Hofer and his present wife, Fannie Hofer, and the Willacy County Water Control & Improvement District Number One to recover the total sum of $1,600, claimed by them to be due them as their part of the purchase price of a tract of land of 12.12 acres, the community property of Adolph Hofer and his deceased wife, Rosa Hofer. The suit was originally instituted against Adolph Hofer and his present wife, but the trial was on an amended petition, wherein the Water District was made a defendant. The trial was to the court without a jury, judgment was for the plaintiffs against Adolph Hofer and the Water District, jointly and severally, for $567.96, and against Adolph Hofer only for $106, and interest and costs. From this judgment the Water District alone has appealed.

The parties will here be designated as they were in the trial court.

The Water District in its answer alleged, in addition to the general demurrer, general denial, and specific denials of all allegations by the plaintiffs, that through its agent, Carl I. Baker, it approached Adolph Hofer with a view of purchasing a right of way for its canal across a 28-acre farm tract belonging to the Hofers. In the course of such dealings it discovered there were five children by the former wife interested in and owners of an interest in the lands; that Baker drove Adolph Hofer to see each of the children to obtain, and did obtain, their signatures to the deed conveying the right of way; that the plaintiffs appointed their father, Adolph, their agent to receive the consideration recited in the deed and distribute it; that there were large amounts of taxes due the State, County, School and Water District; that the District issued its check to the First National Bank of Raymondville for the benefit of Adolph Hofer, and it paid the taxes out of the proceeds of the sale, and the balance to Adolph Hofer; that if the plaintiffs did not expressly constitute their father their agent, then they acted in such a manner (without naming the manner) as to lead it to believe they had; that they, by their silence for more than a year, had ratified the payment to Adolph Hofer and he alone was responsible to them.

At the request of the District, the court carefully prepared and filed findings of fact and conclusions of law. The record supports the whole of the court's findings.

The District has five assignments of error which are, briefly: That it is established as a matter of law that Adolph Hofer was the agent of the plaintiffs; that they put him in a position to deliver the deed and receive the money and are estopped to deny the agency; that by silence they have ratified his acts and are estopped; that they made no effort to repudiate the alleged unauthorized acts of their agent and are estopped; and that the property was community property and sold to pay community debts and they were under no obligation to see the proceeds were properly applied.

The facts are, and the court found, the property sold was the community property of Adolph Hofer and his deceased wife, who died intestate, leaving surviving her said husband and the plaintiffs and another son, Walter Hofer. There were certain community debts existing at the death of Rosa Hofer and were unpaid at the date of the sale of the lands and paid out of the proceeds. The Water District discovered the plaintiffs owned an interest in the lands sold and was unwilling to accept the same without the joinder of plain-

tiffs in the conveyance. It prepared the deed to be executed by Adolph Hofer, his present wife, and the five children by the deceased wife, Rosa. That deed recited: "That we, Adolph Hofer and his present wife, Mrs. Fannie Hofer, and the heirs of his deceased wife, Rosa Hofer, H. A. Hofer, Walter Hofer, Fred Hofer, Martha Hofer Clark, a feme sole, and Margaret Hofer Stevenson, in consideration of the sum of Four Thousand ($4000.00) Dollars cash, to us in hand paid by said Willacy County Water Control and Improvement District Number One, the receipt of which is hereby acknowledged and confessed, of which said consideration the sum of Twenty-five Hundred ($2500.00) Dollars is in full and final payment of the lands, and the sum of Fifteen Hundred ($1500.00) Dollars is in full and final payment for all damages to any buildings or other property located on said lands, have Granted, Sold and Conveyed," etc.

Carl I. Baker and Adolph Hofer made trips to see the plaintiffs for the purpose of securing their signatures to the deed and explained its terms to them. Adolph Hofer retained possession of the deed after it was signed. September 9, 1937, Adolph Hofer went to the Honorable R. F. Robinson, attorney for the Water District, and told him he was ready to close the deal, and presented the deed. Robinson inquired about his (Hofer's) authority to act for the children, plaintiffs herein, and was advised he was the agent for them. Robinson and Hofer went to the Bank and paid all the delinquent taxes, and the remainder of the proceeds were delivered to Adolph Hofer.

The court found that both Baker and Robinson, the attorney, knew plaintiffs owned an interest in the land sold prior to the closing of the deal and at the time it was closed. He further found the District did not undertake to deal with Adolph Hofer as the community survivor, but with him and the plaintiffs as surviving heirs of Rosa Hofer, deceased, and in recognition of their interests. He further found Adolph Hofer was never constituted the agent of plaintiffs to make the deal nor to receive the proceeds for them. The evidence and record support these findings.

■ The trial court heard the testimony and saw the witnesses testify and reached the conclusion, and found as a fact, that Adolph Hofer was never constituted the agent of the plaintiffs to deliver the deed and receive the consideration. This finding is conclusive and binding.

■ The second assignment and the proposition made thereunder that the plaintiffs put their father in position to deliver the deed and receive the consideration and are estopped to deny the agency, cannot be supported by the facts. The deed was prepared by the Water District and its agent, who negotiated the whole deal, went with Adolph Hofer and procured the signatures of the plaintiffs. There is no suggestion from any witness that any of the plaintiffs told the father or the District's agent (Baker) that he should or could deliver the deed and receive the money and distribute it. On the other hand, it is clear the Water District dealt with its eyes wide open, and with full knowledge of all the facts. It was in no wise ignorant of the true facts and could not have been misled by the plaintiffs. The evidence is that the attorney for the District questioned the authority of the father to receive the consideration, but accepted his word and made no effort to ascertain the facts. The essential elements of estoppel are absent, and the assignment must be overruled. Blum v. Merchant, 58 Tex. 400; Bynum v. Preston, 69 Tex. 287, 6 S.W. 428, 5 Am.St.Rep. 49; Noxon v. Cockburn, Tex.Civ.App., 147 S. W.2d 872, 875, par. 12.

■ Assigments three and four are to the effect the plaintiffs were silent and made no effort to repudiate the unauthorized acts of their father for more than a year, and are estopped. These rest on questions of fact and the facts were found by the court against the contention. There is evidence, which is the only evidence on that point, that the plaintiffs commenced at once to collect their part of the consideration after they learned it had been paid to their father. It is true they first sought to collect from their father. He was liable for it and should pay it. When they discovered their efforts were fruitless they then sought recovery against the Water District, and pursued their course until they recovered the judgment rendered in this cause. The facts have been found against the District, and it is likewise bound by that finding.

■ The last assignment and proposition involve the authority of the community survivor to sell community property to pay community debts. It is well settled the survivor may sell to pay community debts, and

the existence of debts, however small, will support the sale. We have here a different situation. The Water District did not undertake to deal with Adolph Hofer as the community survivor, but on the contrary insisted on the joinder of the plaintiffs as heirs of their deceased mother and prepared the deed to be executed by the grantors, including the surviving husband as well as the children, as heirs, thereby negativing the idea of a sale by the community survivor. They were dealt with upon the basis of heirs. Such a recitation, as said by Judge Brown in Mariposa Land & Cattle Co. v. Silliman, 87 Tex. 142, 26 S.W. 978, excludes the idea the sale is made by virtue of the authority of a community survivor. This has been referred to by Chief Justice Johnson in Griffin v. Stanolind Oil & Gas Co., Tex.Civ.App., 102 S.W.2d 231, at page 234, which case was affirmed by the Supreme Court, 133 Tex. 45, 125 S.W.2d 545: "* * * the grantors in that case expressly conveyed as heirs, which, of course, would negative the idea that the wife was conveying as community survivor." In other words, it evidences a contract or agreement between heirs and not a community survivor. The facts are in the instant case, the Water District, at its own insistence, contracted with the heirs of the deceased, Rosa Hofer, and not with Adolph Hofer, as the community survivor. As people contract, so they must be bound. Though community debts may exist and authorize and support a sale by the community survivor, yet, if the grantee otherwise contracts, he is bound by the contract. Hales v. Peters, Tex.Civ.App., 162 S.W. 386.

We find no error by the trial court, and the judgment is affirmed.